RUSSELL, J.,
for the Court:
¶ 1. Yolanda Knox and the wrongful-death beneficiaries of Yolanda’s deceased family members (collectively “Knoxes”) appeal from the Washington County Circuit Court’s order granting the motion to dismiss filed by George Mahalitc d/b/a GM Farms (GM Farms). The Knoxes argue the circuit court erred by (1) treating GM Farms’ motion to dismiss as a summary-judgment motion, (2) finding their claim against GM Farms was time-barred, (3) finding their claim did not relate back to the date of the original complaint, and (4) finding they failed to exercise reasonable diligence in bringing the proper defendant into this action in a timely manner.
¶ 2. Upon review, we find that the circuit court’s dismissal order was not a final, appealable judgment under Mississippi Rule of Civil Procedure 54(b). Therefore, *614 we dismiss this appeal for lack of jurisdiction.
FACTS
¶ 3. The Knoxes’ claims arise from a motor-vehicle accident that happened after Yolanda’s vehicle collide with the tractor-trailer truck driven by David McCoy. Initially, the Knoxes filed a complaint against McCoy, Russell Mahalitc d/b/a Magnolia Plantation (Magnolia), and twenty-four fictitious defendants. Magnolia was sued as McCoy’s employer and as the owner of the truck. Magnolia filed a motion for summary judgment arguing that McCoy had worked for GM Farms and that Magnolia had no duty to equip the truck properly. The circuit court agreed and granted Magnolia’s summary-judgment motion. Aggrieved, the Knoxes appealed.
¶ 4. While the Knoxes’ first appeal was pending, the Knoxes turned their focus to GM Farms. Specifically, the Knoxes moved for leave to file an amended complaint against GM Farms, which the circuit court eventually granted over McCoy’s objection. In their amended complaint, the Knoxes asserted claims against McCoy, Magnolia, GM Farms, and twenty-seven fictitious defendants. GM Farms later filed a motion to dismiss the Knoxes’ claims. Ultimately, the trial court granted GM Farms’ motion to dismiss and dismissed the Knoxes’ amended complaint with prejudice. Aggrieved, the Knoxes appealed a second time.
DISCUSSION
¶ 5. GM Farms asserts that this Court does not have jurisdiction over this appeal. Because this case involved multiple parties and claims in the circuit court, we look to Mississippi Rule of Civil Procedure 54(b), which provides:
When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
See also Salts v. Gulf Nat’l Life Ins. Co., 849 So.2d 848, 850-51 (¶8) (Miss.2002) (dismissing appeal where trial court’s order dismissed one of several defendants but omitted any reference to Rule 54(b)). The comment to Rule 54 explains that “[ajbsent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.” M.R.C.P. 54 cmt. Therefore, if a court decides to enter a final and appealable judgment, “it must do so in a definite, unmistakable manner.” M.R.C.P. 54 cmt. (emphasis added).
¶ 6. The circuit court’s order from which the Knoxes appealed only dismissed GM Farms and did not mention the other defendants. Because the order of dismissal neither explicitly dismissed all of the defendants in the action nor was certified as a final judgment under Rule 54(b), the appeal is not properly before us. Further, in the absence of a Rule 54(b) certification, the order dismissing GM Farms, but not all of the parties is not a final, appealable judgment. It is interlocutory and not ap- *615 pealable without the supreme court’s permission. M.R.A.P. 5. The Knoxes did not petition for interlocutory review of the order. This appeal is dismissed for lack of jurisdiction.
CONCLUSION
¶ 7. Based on the discussion above, this appeal is dismissed.
¶ 8. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.